# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

GARY L. LITTLE, )
 )
       Plaintiff, )
 )
 ) Case No. CIV-18-289-KEW
 )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
       Defendant. )

## OPINION AND ORDER

Plaintiff Gary L. Little (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 50 years old at the time of the decision. He has a limited education. He has worked in the past as a stocker and a caregiver. He alleges an inability to work beginning July 8, 2015, due to limitations resulting from mood disorder, ETOH use disorder, cognitive disorder, and ETOH withdrawal seizure. (Tr. 42).

**Procedural History**

On July 8, 2015, Claimant protectively filed for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On August 8, 2017, Administrative Law Judge("ALJ") Luke Liter conducted an

administrative hearing, presiding from Tulsa, Oklahoma. Claimant appeared and testified. On October 18, 2017, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on June 22, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at steps four and five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, Claimant did not meet a listing and retained the residual functional capacity ("RFC") to perform work at all exertional levels, with certain non-exertional limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error (1) by finding he could return to his past relevant work as a stocker at step four of the sequential evaluation, and (2) by finding there was alternative work he could perform at step five of the sequential evaluation.

**Step Four Determination – Past Relevant Work**

In his decision, the ALJ found Claimant suffered from severe impairments of mood disorder, ETOH use disorder, cognitive disorder, and ETOH withdrawal seizure. (Tr. 42). He determined Claimant could perform a full range of work at all exertional

4

levels, with non-exertional limitations. Claimant could not tolerate exposure to hazards such as unprotected heights or dangerous moving machinery. He should not climb ladders, ropes, or scaffolds. He should not drive as part of his job duties. Claimant could understand, remember, and carry out simple tasks. His job duties should not include public contact. Claimant could tolerate incidental contact with co-workers and supervisors. (Tr. 45).

After consultation with a VE, the ALJ determined Claimant could return to his past relevant work as a stocker. (Tr. 49). The ALJ also made an alternative finding at step five that Claimant could perform the representative jobs of dishwasher, hand packer, and parking lot attendant, all of which were found to exist in sufficient numbers in the national economy. (Tr. 49-50). As a result, the ALJ concluded Claimant has not been under a disability since July 8, 2015, the date the application was filed. (Tr. 50).

Claimant argues the ALJ erred by failing to perform the step-four analysis required by *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). He does not argue the ALJ failed to assess a proper RFC at the first step of *Winfrey*, but he contends the ALJ failed to determine the physical and mental demands of his past relevant work as a stocker at step two of the *Winfrey* analysis and therefore could not complete a proper step-three analysis under *Winfrey*.

Step four of the sequential analysis requires the ALJ evaluate a claimant's RFC, determine the physical and mental demands of a

5

claimant's past relevant work, and then conclude whether a claimant has the ability to meet the job demands of his past relevant work using the determined RFC. *Winfrey*, 92 F.3d at 1023. The ALJ may rely upon the testimony of the VE when making the determination of the demands of a claimant's past relevant work, but "the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." *Id*. at 1025; *see also Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003).

The ALJ appears to have deferred to the VE's testimony at the second step when determining the physical and mental demands of Claimant's past relevant work.

> In comparing the [C]laimant's [RFC] with the physical and mental demands of [past relevant] work, the vocational expert testified that the [C]laimant is able to perform it as actually performed. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

(Tr. 49).

During the administrative hearing, Claimant testified about his job as a stocker. (Tr. 67-68, 91). The VE testified Claimant had past relevant work as a stocker, DOT # 299.367-014. (Tr. 92). The ALJ presented the VE with a hypothetical question, which limited Claimant to "simple tasks," and was later adopted as part of the RFC. (Tr. 92-93). The VE testified Claimant could perform his past work as a stocker as performed and as described in the

6

DOT. (Tr. 93). However, there was no clarification by the VE regarding the mental demands of the stocker position as performed by Claimant, and a reasoning level of three listed in the DOT for the stocker position is inconsistent with a claimant limited to "simple" tasks." *See* DOT # 299.367-014, 1991 WL 672631; *see also Pritchett v. Astrue*, 220 Fed. Appx. 790, 793 (10th Cir. 2007) (finding "simple and routine tasks" is inconsistent with a job reasoning level of three). The VE did not clarify the inconsistency as required. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). Accordingly, the ALJ's determination that Claimant can perform his past relevant work is not supported by the record. On remand, the ALJ should clarify with the VE any potential conflict between the testimony and the DOT.

**Step-Five Determination**

Claimant also asserts the ALJ's step-five determination that he could perform alternative jobs of parking lot attendant, dishwasher, and hand packer is unsupported by his RFC and the job descriptions in the DOT. Claimant contends he cannot perform the parking lot attendant job because his RFC includes a limitation for duties that do not involve contact with the public, and the position as described in the DOT requires significant interaction with people. Claimant further asserts that all three of the positions are precluded as alternative work, because the positions all require a reasoning level of two pursuant to their descriptions

7

in the DOT, which is inconsistent with the limitation included in his RFC for "simple tasks." He argues the ALJ failed to resolve the conflicts between the DOT and the VE's testimony.

A review of the hearing testimony reveals that the hypothetical posed to the VE, which was later incorporated by the ALJ into the RFC, included a limitation that Claimant could "understand, remember, and carry out simple tasks." (Tr. 92-93). The VE testified that there were other jobs in the national economy Claimant could perform, including dishwasher (DOT # 318.687-010), hand packer (DOT # 920.587-018), and parking lot attendant (DOT # 915.473-010). The VE testified his testimony was consistent with the DOT. (Tr. 92-94).

As Claimant points out, all three of the DOT descriptions for the positions include a reasoning level of two, which requires one to "[a]pply commonsense understanding to carry out detailed but uninvolved written instructions. Deal with problems involving a few concrete variables in or from standardized situations." *See* DOT # 318.687-010, 1991 WL 672755; DOT # 920.587-018, 1991 WL 687916; DOT # 915.473-010, 1991 WL 687865. This exceeds the RFC limitation to "simple tasks" which would necessarily entail simple instructions and not detailed instructions which are required for all of these representative jobs. *See McKinnon v. Astrue*, 2010 WL 3190621, at *5 (D.Colo. Aug. 12, 2012), *citing Cooper v. Barnhart*, 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004); *Allen v.*

8

*Barnhart*, 2003 WL 22159050, at *10 (N.D. Cal. Aug. 28, 2003). Moreover, with regard to the parking lot attendant position, the DOT states that under the category of "people" that "serving" is significant. *See* DOT # 915.473-010, 1991 WL 687865.

The responsibility to investigate any discrepancies between the vocational expert's testimony and the DOT lies squarely with the ALJ. *Haddock*, 196 F.3d at 1091. On remand, the ALJ shall explore the apparent conflicts between the limitations to "simple tasks" and for no public contact with the testimony of the VE. Should this require the ALJ to reassess the specific wording of a limitation in his RFC, he should do so to clarify his restrictions for the VE in the hypothetical questioning.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 1st day of April, 2020.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE